J-S49035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARMITA HUDENLL-TRIGGS, | |
| Appellant | No. 3610 EDA 2015 |

Appeal from the Judgment of Sentence October 19, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004691-2015

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 13, 2016**


Appellant Carmita Hudenll-Triggs[1] appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County on October 19, 2015, at which time she was sentenced to two years' county probation and restitution in the amount of $2,114.99 following her negotiated guilty plea to one count of Criminal Mischief.[2]  In addition, Appellant's counsel has filed a petition to withdraw his representation and a brief pursuant to **_Anders v. California_**, 386 U.S. 738, 87 S.Ct. 1396, 18

---

[1] We note that in both the trial court record and in documents filed with this Court, Appellant's name is spelled inconsistently.  While in some instances it is Hudenll-Triggs, in other it is Hudnell-Triggs.

[2] 18 Pa.C.S.A. § 3304(A)(5).  This subsection indicates a person is guilty of criminal mischief if she "intentionally damages real or personal property of another[.]"


*Former Justice specially assigned to the Superior Court.

L.Ed.2d 493 (1967), and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant's charges arose following an incident on May 19, 2015, at which time Officer Arthur Erle responded to a report of criminal mischief at 32 Oxford Street, Upper Darby. Upon arrival, Officer Erle discovered pink paint had been poured over a 2006 Chevrolet Equinox which had been parked in the street. Officer Erle obtained video surveillance showing an individual walking toward the vehicle and pouring a colored substance thereon. On May 26, 2015, Appellant spoke with Officer Erle after reading and signing the Upper Darby Township Police Advisement of Rights form. Upon viewing a still photograph obtained from the video surveillance, Appellant identified the individual as herself and completed a signed, written statement wherein she admitted to pouring paint on the victim's vehicle. *See* Affidavit of Probable Cause, filed 7/15/15. Appellant was charged with one count of criminal mischief, and the matter was held for court.

A preliminary hearing was held on August 7, 2015, and Appellant was arraigned on September 2, 2015. On October 14, 2015, Appellant filed an omnibus pretrial motion wherein she maintained she had not knowingly, intelligently and voluntarily waived her constitutional right to remain silent and to be represented by counsel at her police interrogation. A hearing on the motion was scheduled for October 19, 2015; however, at that time

Appellant entered her negotiated guilty plea. After conducting an extensive colloquy with Appellant, the trial court accepted her guilty plea and subsequently sentenced her. Thereafter, Appellant filed a timely motion to withdraw her plea on October 29, 2015, and on November 5, 2015, the trial court held a hearing on that motion.

At the hearing, Appellant indicated that although she still was satisfied with trial counsel's representation of her, she had been "a little confused" when she entered her plea, because she "did not do it." N.T., 11/5/15, at 9-10. Appellant generally asserted her innocence and stated she thought the police wanted to question her because her grandson had been seen hanging out of a window. *Id*. at 11. She claimed she had been "set up" by police because she told them she did not damage the vehicle and did not know the victim. *Id*. at 12. She further represented that due to numerous physical impairments, it would have been impossible for her to cause the damage and indicated she had problems reading and writing which affected her ability to complete the written colloquy. *Id*. at 13, 17. She stated she lied to police because they told her she would go to jail, and she was afraid. *Id*. at 13, 24.

The trial court denied Appellant's motion on November 5, 2015, and Appellant filed a timely appeal on December 4, 2015. On December 7, 2015, the trial court filed its Order pursuant to Pa.R.A.P. 1925. On December 22, 2015, appellate counsel filed his Statement of Matters Complained of on

Appeal wherein he indicated his intent to file an *Anders* brief with this Court. As noted above, counsel filed a petition to withdraw and an *Anders/Santiago* brief with this Court on March 22, 2016.

Before reviewing the merits of the underlying issue Appellant presents, we first consider counsel's petition to withdraw. *Commonwealth v. Orellana,* 86 A.3d 877, 879 (Pa.Super. 2014).

> When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Goodwin,* 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Before counsel is permitted to withdraw, he or she must meet the following requirements:
>> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.
>
> *Santiago,* 602 Pa. at 178–79, 978 A.2d at 361.[2]
>
> FN2. The requirements set forth in *Santiago* apply to cases where the briefing notice was issued after August 25, 2009, the date the *Santiago* opinion was filed. As the briefing notice in this case was issued after *Santiago* was filed, its requirements are applicable here. *Commonwealth v. Martuscelli,* 54 A.3d 940, 947 (Pa.Super. 2012).

*Commonwealth v. Bynum-Hamilton*, 2016 WL 639004 at 3-4 (Pa. Super. filed Feb. 17, 2016).

Herein, we have reviewed counsel's Application to Withdraw Appearance and his accompanying correspondence which he served upon Appellant. In the letter, counsel indicated he was enclosing the Application

to Withdraw along with his **Anders** brief and explained that if Appellant had any issues she wished to pursue before this Court, she must do so immediately either *pro se* or with the assistance of new counsel.[3]   We also have examined the **Anders** brief counsel prepared.   These documents satisfy us that counsel has complied with all of the foregoing requirements; therefore, we next analyze the issue of arguable merit counsel presented in her **Anders** brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous.   **Commonwealth v. Bynum-Hamilton**, 2016 WL 639004 at 4 (*citing* **Santiago**, **supra**).   Specifically, Appellant questions:

> Whether the Hearing Court should have permitted [Appellant] to withdraw her guilty plea after she professed her innocence of the charge against her and stated she was confused at the time she entered the plea.

Brief of Appellant at 1.

There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. **Commonwealth v. Muhammad,** 794 A.2d 378, 382 (Pa.Super. 2002).   A trial court's decision to deny a defendant's motion to withdraw her guilty plea is subject to an abuse-of-discretion standard of review.   **Commonwealth v. Broaden**, 980 A.2d 124, 128 (Pa.Super.

_____

[3] Appellant has not responded to the application to withdraw as counsel.

2009). Post-sentence motions to withdraw a guilty plea are subject to higher scrutiny than those filed before one's sentence is imposed to discourage the entry of guilty pleas as "sentence-testing devices." *Id*. at 129 (citation omitted). Thus, in order to withdraw a guilty plea after sentence is imposed, a defendant must demonstrate that a manifest injustice would result if the court were to deny her post-sentence motion to withdraw her plea. *Id.* Manifest injustice is present when "the plea was not tendered knowingly, intelligently, and voluntarily." *Id.* (citation omitted). When determining if a guilty plea is valid, we must examine the totality of circumstances surrounding it. *Id.* (citation omitted). It is well-established that a defendant's disappointment in the sentence imposed upon her does not constitute "manifest injustice." *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa.Super. 2003) (citation omitted).

Herein, the record belies Appellant's contentions the trial court should have permitted her to withdraw her guilty plea. At the outset of her guilty plea hearing, Appellant indicated to the trial court that she fully had reviewed with counsel and signed each page of her guilty plea statement and that she would not need any additional time to speak privately with counsel regarding information contained therein. N.T., 10/19/15, at 4-5. However, Appellant added she was "trying to figure out why I'm signing something that I don't even know this lady. I don't think—I don't know her at all." *Id*. at 5. Following this assertion, the trial court explained to

Appellant that she did not have to plead guilty, reminded her trial counsel had filed a suppression motion, and stated that it would hear evidence on the motion the next day if she so chose. The trial court further warned Appellant that once it started to hear evidence, the Commonwealth would no longer be committed to the plea deal and again offered Appellant an opportunity to confer with counsel; Appellant did so. *Id*. at 5-6.[4] Thereafter, Appellant indicated she intended to proceed with the plea and had no additional questions or concerns for the trial court regarding the Criminal Information itself or the description of it in the guilty-plea statement. *Id*. at 7-8.

The trial court informed Appellant of the elements of criminal mischief after which she indicated she was satisfied with counsel's representation, asked the trial court to accept her guilty plea and requested that the court sentence her to the recommended probationary term. *Id*. at 9-10. Appellant was informed of her post-sentence rights, and she indicated she understood them without further explanation from counsel. *Id*. at 11.

The aforementioned contradicts Appellant's assertions at the November 5, 2015, hearing regarding her inability to comprehend the nature of her guilty plea and her general claim of her innocence. Consequently,

---

[4] The notes of testimony indicate "[off the record from 1:12 p.m. to 1:29 p.m.]" N.T., 10/19/15, at 6.

after an independent review of this appeal, we find Appellant's issue to be frivolous, and we grant counsel's petition to withdraw.

Petition to Withdraw Granted. Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2016